```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


DARRIN NEWMAN                              CIVIL ACTION

VERSUS                                     NO. 04-2518

KMJ SERVICES, INC.                         SECTION "R" (2)
```

### ORDER AND REASONS

Defendants El Paso Production Company and El Paso Production Oil & Gas Company move for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, the Court GRANTS defendants' motion.

### I.   BACKGROUND

Plaintiff Darrin Newman alleges that he was injured when he fell from a personnel basket as he was being transferred from an oil platform located on the Outer Continental Shelf off of the coast of Louisiana to an adjacent supply ship.  The basket was suspended from a crane mounted on the platform.  The basket allegedly struck the starboard smokestack of the vessel, which

caused Newman to fall onto the deck of the ship.  Newman sued KMJ Services, the owner of the supply ship; El Paso Production Company and El Paso Production Oil & Gas Company (collectively "El Paso"), the owner of the platform and the time charterer of the supply ship; and Baker M/O, a contractor of El Paso.  At the time of the incident, Newman was employed by Wood Group Services, also a contractor of El Paso.

Newman alleges that El Paso breached its duty of care owed to him by: (1) failing to provide for a safe transfer from the platform to the vessel; (2) failing to supply competent personnel for the job at issue; (3) failing to properly supervise the transfer from platform to vessel; (4) failing to provide proper equipment; (5) failing to provide proper training and warnings to plaintiff and other workers; and (6) failing to provide a safe place to work.  El Paso asserts that, under Louisiana law, it had no legal duty to protect an employee of its contractor against risks encountered during the performance of contract work. Newman did not file an opposition to this motion.

II. **DISCUSSION**

  A. **Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled

to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact, and the Court is obligated to draw all reasonable inferences in favor of the nonmoving party.  *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 764 (5th Cir. 2001).

     If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that

3

establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**B.   Choice of Law**

The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, applies to this dispute because plaintiff was injured on a fixed oil platform located on the Outer Continental Shelf, off the Louisiana coast. The OCSLA directs the Court to apply the law of the state adjacent to the controversy to the extent not inconsistent with other federal laws and regulations. *See* 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. and Sur. Co.*, 395 U.S. 352, 355, 89 S.Ct. 1835, 1837 (1969). The parties have not cited, and the Court has not found, any federal law that conflicts with Louisiana negligence principles applicable here. Accordingly, the Court applies Louisiana law to this dispute.

**C.   El Paso's Liability for Negligent Acts of Wood Group Services or Baker/MO Services**

Under Louisiana law, a principal is not generally liable for any negligent acts committed by its independent contractor in the course of performing its contractual duties. *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987); *see also Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994). Exceptions to this general rule exist in two circumstances. A principal may be held liable when: (1) the independent contractor

engages in an ultrahazardous activity; or (2) the principal retains "operational control" over its independent contractor. *See id.; Ainsworth*, 892 F.2d at 549-50.  This Court has already held that transfers of personnel via basket do not constitute ultrahazardous activity.  *Mathis v. Lafayette Crewboat Services, Inc.*, 1995 WL 550950, at *2 (E.D. La. Sept. 15, 1995). Accordingly, the Court's analysis of El Paso's liability for any negligent acts committed by its independent contractors is limited to whether El Paso exercised operational control over the employees of Wood Group and Baker/MO.  The operational control inquiry focuses primarily on whether and to what extent the right to control work has been contractually reserved by the principal. *See Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997) (citations omitted); *Ainsworth*, 829 F.2d at 550.  Of less significance is the actual control exercised by the principal. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 193 (5th Cir. 1991) (*quoting Ham v. Pennzoil Co.*, 869 F.2d 840, 842 (5th Cir. 1989)); *Ainsworth*, 829 F.2d at 550-51 (*quoting Hemphill v. State Farm Ins. Co.*, 472 So.2d 320 (La. App. 3rd Cir. 1985)).

Here, the Master Service Agreements between El Paso and both Wood Group and Baker/MO stated that El Paso's relationship to each entity was that of an independent contractor.  (*See* El Paso Ex. A, at ¶ 8; El Paso Ex. C, at ¶ 8).  The agreements expressly

5

assign "sole and exclusive supervision, direction, and control" of the employees of Wood Group and Baker/MO to Wood Group and Baker/MO, respectively. (*See id.*). Further, the agreements explicitly disclaim El Paso's connection with the actual performance or details of the services to be performed, but state that El Paso instead looks "only to the end result to be accomplished." (*See id.*). Finally, plaintiff has not presented any evidence that suggests El Paso issued an express or implied order to either contractor to engage in an unsafe work practice that led to an injury. *See Coulter*, 117 F.3d at 912. By contrast, El Paso asserts, without rebuttal from plaintiff, testimony that indicates no employee from El Paso was on the platform at the time of plaintiff's transfer and that El Paso did not interfere with or direct the day-to-day operations of its contractors. (*See* El Paso Ex. D, at 298; El Paso Ex. E, at 6-7, 31-32; El Paso Ex. F, at 21-22).

In situations similar to this one, the Fifth Circuit has consistently held that the operational control exception does not apply. *See Coulter*, 117 F.3d at 912; *Graham*, 21 F.3d at 646; *Ainsworth*, 829 F.2d at 551. Therefore, to the extent that either or both of El Paso's independent contractors involved in this incident - Wood Group Services (as plaintiff's employee) and Baker/MO Services (as the operator of the crane that transported

plaintiff from the platform to the supply ship) – may have been negligent in causing plaintiff's injuries, liability does not extend to El Paso as the employer of these two independent contractors.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS El Paso's motion for summary judgment.

New Orleans, Louisiana, this __30th__ day of November, 2006.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE